McMILLAN, Judge.
The appellant, Larry Douglas Stone, was found guilty in the district court on charges of driving a vehicle while pulling a boat trailer with improper lights and also with driving under the influence of alcohol (D.U.I.). On appeal to the circuit court, he moved to suppress all evidence against him as illegally obtained. The circuit court denied the appellant’s motion and thereafter found him guilty in a bench trial of both charged offenses. He was ordered to pay a $10 fine and the costs of court on the improper lights conviction. On the D.U.I. conviction, his driver’s license was suspended for 90 days and he was ordered to attend D.U.I. school. In addition, he was ordered to pay a $250 fine, a $100 assessment fee, and court costs.
At the suppression hearing, the parties stipulated to the following statement of facts:
“On July 2, 1994, two Alabama State Troopers, on their own initiative, decided to conduct a- roadblock on County Road 511 to check for driver’s licenses and sobriety of drivers.
“The only written guidelines or procedures adopted by the Department of Public Safety at the time concerning the roadblock operations, site selection, safety, and publicity was a manual carried by each Trooper that required Troopers to call a supervisor to approve the location of the roadblock. No written guidelines existed governing checkpoint operation, duration, and publicity, and these procedures are *1317 left to the discretion of the officers in the field.
“Defendant drove up to the roadblock. A Trooper smelled an odor of alcohol on defendant’s breath. Defendant was directed to pull off the road. He was given a field' sobriety test. He was arrested on probable cause. He was directed to take a breath test. The results of the test were .18. At the conclusion of the roadblock, procedure requires that a form be completed and submitted to D.P.S. detailing the number of cars stopped; tickets written; charges made and duration of the roadblock.”
On appeal, the appellant contends that the roadblock was unconstitutional because, under Michigan Dep’t of State Police v. Sitz, 496 U.S. 444, 110 S.Ct. 2481, 110 L.Ed.2d 412 (1990) and Hagood v. Town of Town Creek, 628 So.2d 1057 (Ala.Cr.App.1993), a roadblock must be conducted pursuant to written guidelines, setting forth procedures governing checkpoint operations, site selection, and publicity, and leaving virtually no discretion to the officer in the field. The State argues that, while "written guidelines are an important factor, they are not mandatory and that, pursuant to Sitz, supra, the validity of a roadblock is to be determined by weighing the gravity of the public concern served by the seizure, the degree to which the seizure advances the public interest, and the severity of the interference with individual liberty.
A review of the record discloses only the aforementioned stipulation by the parties, which is insufficient in determining whether the roadblock in this ease was reasonable. See Cains v. State, 555 So.2d 290 (Ala.Cr.App.1989) (setting out numerous factors that are to be considered in determining whether a roadblock is a reasonable seizure). Therefore, this cause must be remanded to the circuit court, in order for that court to make a factual determination as to the aforementioned factors. On remand, the trial court may conduct such further proceedings or take such other evidence as it deems necessary. A return should be filed with this Court within 45 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.
All judges concur, except TAYLOR, P.J., who dissents with opinion.